Maria del Carmen **ALBIZURES de Rentas**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71708.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.[*]

Filed June 22, 2011.

---

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kate Deboer Balaban, Esquire, Trial, Carl Henry McIntyre, Jr., Assistant Director, OIL, Jacob Bashyrov, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

### MEMORANDUM [**]

Maria del Carmen Albizures de Rentas, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ramos–Lopez v. Holder*, 563 F.3d 855, 858 (9th Cir.2009), and we deny the petition for review.

Albizures contends that she faces persecution on account of her political opinion. Substantial evidence supports the agency's denial of asylum and withholding because Albizures' fear of harm is not on account of a protected ground. *See Soriano v. Holder*, 569 F.3d 1162, 1164–65 (9th Cir.2009) (government informant's fear of retaliation by criminals not on account of political opinion). Albizures' contention that the agency did not address her whistle-blower theory is belied by the record. In the absence of a nexus to a protected ground,

Albizures' asylum and withholding of removal claims fail. *Id.* at 1167.

### PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).